**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MANUEL SOTO-ORNELAS,
a/k/a Jose Sanchez-Hernandez,
Juan Urueta-Rodriguez, Manuel
Ector Soto-Ornelas, Juan Urrutia,
Refaela Sierra, Manuel Sanchez and
Jose Guadalupe Sanchez-Aguilar,

      Defendant - Appellant.

No. 01-6411

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CR-01-106-C)**

---

Submitted on the briefs:

June E. Tyhurst, Assistant Federal Public Defender, Oklahoma City,
Oklahoma, for Defendant-Appellant.

Robert G. McCampbell, United States Attorney, Rozia McKinney-Foster,
Assistant United States Attorney, Oklahoma City, Oklahoma, for
Plaintiff-Appellee.

---

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

**HENRY** , Circuit Judge.

---------------

An alien who has previously been convicted of an aggravated felony and who later illegally reenters the United States after deportation is subject to a fine, imprisonment for not more than twenty years, or both. *See* 8 U.S.C. § 1326(b)(2). Defendant-appellant Manuel Soto-Ornelas was indicted on one count of illegal reentry after a 1994 conviction for unlawful possession of cocaine, an aggravated felony justifying an eight-level enhancement under the United States Sentencing Guidelines (U.S.S.G.). In 1992, however, defendant had been convicted of burglary of a dwelling, a crime of violence carrying a sixteen-level enhancement. In this direct appeal, we are asked to decide whether the burglary conviction could be used to enhance defendant's sentence under § 1326(b)(2) or must the enhancement be based on the drug charge, as it was the conviction listed in the indictment and was also the conviction immediately preceding defendant's last deportation. We hold that the district court correctly relied on the burglary conviction as the basis for an increased sentence under § 1326(b), and we affirm. [1]

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. BACKGROUND

Defendant petitioned the district court to enter a plea of guilty. In the initial presentence report (PSR), which relied on the 2000 version of the Sentencing Guidelines, the probation officer increased defendant's offense level by sixteen levels, relying on defendant's 1994 drug conviction and on U.S.S.G. § 2L1.2(b)(1)(A).

After preparation of the initial PSR, defendant was granted a continuance and was not sentenced until after the 2001 version of the Sentencing Guidelines had become effective. Under that version, possession of cocaine would only have garnered an eight-level increase. *See* U.S.S.G. § 2L1.2(b)(1)(C). In response to defendant's objection to the sixteen-level increase, the probation officer amended the original PSR to substitute two prior burglary convictions. Because the law now defines aggravated felonies to include crimes of violence for which the term of imprisonment is at least one year, [2] *see* 8 U.S.C. § 1101(a)(43)(F), and because the burglary of a dwelling satisfies these two conditions, *see* U.S.S.G. § 2.L1.2, cmt. n. 1(B)(ii)(II) (2001) (specifying burglary of a dwelling as a "crime of violence"), the enhancement level remained at sixteen, *see id.* at (b)(1)(A). The district court accepted the PSR and sentenced defendant to eight years' imprisonment. Defendant argues that the court unlawfully substituted the older

---

[2] Defendant served a four-year sentence on the burglary charge. PSR at 6.

-3-

burglary conviction for the drug conviction immediately preceding his illegal entry.

## II. DISCUSSION

### A. Standard of Review and 8 U.S.C. § 1326 Generally

Because he challenges the manner in which the district court applied and interpreted the guidelines to his conviction for illegal reentry, defendant is raising a question of law that we review de novo. *United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000).

The penalties for reentering the country after deportation vary widely depending upon an alien's criminal history. Without a criminal history, and except for exclusion for such reasons as national security which are not pertinent here, the penalty is a fine, imprisonment of not more than two years, or both. 8 U.S.C. § 1326(a). Aliens who reenter after "the commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony) . . . [are] fined under Title 18, imprisoned not more than 10 years, or both." *Id.* § 1326(b)(1). The harshest penalties are reserved for those illegal reentrants who have been previously convicted of an aggravated felony . *Id.* § 1326(b)(2). As mentioned above, aliens in that category are subject to a fine, imprisonment of up to twenty years, or both. *Id.*

-4-

B.  Which is the Relevant Felony?

Defendant does not argue that his previous burglary conviction does not qualify as an aggravated felony for purposes of the statute or as a crime of violence under the Sentencing Guidelines.  Rather, he argues that the only relevant felony conviction for purposes of § 1326(b)(2) was the cocaine possession conviction because it was the most recent conviction immediately preceding his last deportation.

1.  Almendarez-Torres

At the sentencing hearing, defendant argued that the burglary conviction could not be the basis for enhancement because it had not been listed in the indictment.  To the extent defendant raises that issue on appeal, we note that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), in which the Supreme Court concluded that the existence of a prior felony or felonies for purposes of § 1326(b)(2) is a sentencing factor which "simply authorizes a court to increase the sentence for a recidivist," and does not define a separate criminal offense.  *Id.* at 226.  Thus, "neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment."  *Id.* at 226-27; *see also United States v. Mercedes*, 287 F.3d 47 (2d Cir. 2002) (finding no infirmity under

-5-

*Almendarez-Torres* where the government substituted a different aggravated felony than the one charged in the indictment and admitted in the plea).

### 2. The Role of Recidivism

Turning to defendant's primary argument, we note that "the relevant statutory subject matter of [§ 1326(b)] is recidivism." *Almendarez-Torres*, 523 U.S. at 230. Recidivism is defined as "[a] tendency to relapse into a habit of criminal activity or behavior." Black's Law Dictionary 1021 (7th ed. 2000). The words "tendency" and "habit" are terms inclusive of a person's total criminal history, not just to some crime which may happen to immediately precede a sentencing.

Further, the Supreme Court, in discussing the statute, explicitly referred to the obligation of a sentencing judge to take into account "an offender's prior record in every case." *Almendarez-Torres*, 523 U.S. at 230 (citing U.S.S.G. §§ 4A.1.1 and 4A1.2). The district judge here understood that duty and referred to her belief that "case law and certainly [the] statute and the Sentencing Guidelines not only permit but require me to look at this defendant's criminal history in order to establish an appropriate sentence under the statute." R. Vol. II at 6. There is no indication in case law or in commentary to support defendant's position that only the immediately preceding felony is relevant here.

C. Other Circuit Precedent

In *United States v. Luna-Reynoso*, 258 F.3d 111 (2d Cir. 2001), the court confronted an argument essentially similar to defendant's. There, the government charged the defendant in 1999 with violation of § 1326 and relied on a 1987 burglary conviction as the prior aggravated felony for enhancement purposes under § 1326(b)(2), even though the defendant had been convicted of other offenses since 1987. The defendant conceded the existence and validity of the burglary conviction but argued that, in 1987, burglary was not included in the definition of aggravated felony. That change did not occur until 1996 when 8 U.S.C. § 1101(a)(43) was amended by § 321 of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). As such, the defendant argued that his 1987 burglary conviction could not sustain an increased penalty under an amended § 1326(b).

The Second Circuit rejected this argument. It found that, in addition to adding burglary to the list of aggravated felonies, Congress also stated in the statute that "the new definition of aggravated felony is to be used regardless of whether the conviction for the offense included in the definition was entered before, on, or after the September 30, 1996 effective date of IIRIRA." *Id.* at 114 (quotation omitted). Further, the commentary to the implementing sentencing guidelines noted that "the term aggravated felony is defined at 8 U.S.C.

§ 1101(a)(43) without regard to the date of conviction of the aggravated felony." *Id.* (quotation omitted).

While defendant here does not raise the precise issue of *Luna-Reynoso*, we think the broad intent of Congress to make the IIRIRA's new definition of aggravated felony retroactive as discussed in *Luna-Reynoso* forecloses any argument that only an immediately preceding felony can be considered for purposes of § 1326(b)(2). If a burglary which was not an aggravated felony when committed can later be considered as such for purposes of § 1326(b)(2) enhancement, we find it even less problematic to rely on defendant's 1992 burglary conviction for enhancement even if it did predate his later drug conviction.

The second instructive case is *Mercedes*, 287 F.3d 47. There, like here, the defendant protested an enhancement made on the basis of a felony other than the one alleged in the indictment. The indictment had alleged a 1984 burglary conviction, which, as mentioned above was not then an aggravated felony. After defense counsel objected, the probation officer substituted a 1987 conviction for possession and distribution of cocaine which qualified as an aggravated felony even under the earlier law. Again, defense counsel objected, this time arguing that the court should find that the defendant had been deported after his conviction for using an altered United States passport, an offense not deemed to

be an aggravated felony. The passport charge was the conviction immediately preceding the defendant's most recent deportation. The district court rejected these arguments, and the Second Circuit affirmed.

Although *Mercedes* focuses on the defendant's contention that his plea was not knowing and voluntary because of the late substitution of felonies for purposes of the recidivist enhancement, the case is helpful here because the court takes for granted the government's authority to "'substitute' a different aggravated felony for the one incorrectly listed in the indictment." *Id.* at 57-58 (finding no violation of Rule 11 where the court specifically informed the defendant that it was required to take his criminal history into account). Significantly for our purposes, there is no discussion of any infirmity in the sentencing court's refusal to rely solely on the immediately preceding passport violation for purposes of enhancement.

D. Lenity

Finally, defendant argues that the statute is ambiguous and that, under those circumstances, the rule of lenity should apply. We disagree. We see nothing ambiguous in the statute; it is clearly aimed at punishing recidivist aliens who reenter this country illegally. Defendant would have us rewrite the statute to limit the consideration of aggravated felonies to only those convictions which immediately precede the deportation in question. We reject this approach for two

reasons. First, we agree with appellee that this would be an absurd result because a felony-recidivist whose conviction preceding deportation was merely a misdemeanor would escape the enhancement penalties for aggravated felonies merely because of the timing of the conviction. As appellee notes, "[c]ourts must guard against interpretations that might defeat a statute's purpose as reflected by its text." Aplee. Br. at 12 (citing *United States v. Cowan*, 116 F.3d 1360, 1362-63 (10th Cir. 1997)). Second, any reworking of this statute is a legislative function, not one for the courts.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.