**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 1, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee.

v.

MIGUEL ANGEL BOCH,

    Defendant-Appellant.

No. 05-4320
(District of Utah)
(D.C. No. 2:05-CV-855-DB and
2:02-CR-198-DB)

**ORDER**

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Miguel Angel Boch, appearing *pro se*, seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The matter is before this court on Boch's request for a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA).

In 2002, Boch was convicted of illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He was sentenced to seventy-two months'

imprisonment to be followed by thirty-six months' supervised release. *United States v. Boch*, 74 F.App'x 866, 867 (10th Cir. 2003). Boch's sentence reflected the trial court's application of an enhancement and a downward departure pursuant to the United States Sentencing Guidelines. *Id*.

Boch filed a direct appeal which was dismissed by this court on August 29, 2003. He filed the instant § 2255 motion on October 13, 2005, asserting his Fifth and Sixth Amendment rights were violated because the trial court calculated his sentence through the use of judge-found facts. *See United States v. Booker*, 543 U.S. 220 (2005); *United States v. Blakely*, 542 U.S. 296 (2004). The district court denied Boch's motion on three alternate grounds: (1) it was time-barred pursuant to the provisions of § 2255, (2) *Booker* imposes no requirement on the government to charge in an indictment or prove to the jury the existence of prior convictions, and (3) *Blakely* and *Booker* do not apply retroactively to cases on collateral review. *See United States v. Moore*, 401 F.3d 1220, 1221 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005).

To be entitled to a COA, Boch must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).  In evaluating whether Boch has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Miller-El* at 338.  Although Boch need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Boch's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Boch is not entitled to a COA.  The district court's resolution of Boch's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings.  Accordingly, this court **denies**

Boch's request for a COA and **dismisses** this appeal.  Boch's motion to proceed

*in forma pauperis* on appeal is **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge