**UNITED STATES of America**

v.

**Jose Guadalupe RICO–HERNANDEZ, Appellant.**

**No. 08–4129.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 1, 2009.

Filed: Oct. 27, 2009.

Karen M. Klotz, Esq., Linwood C. Wright, Jr., Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Carlos A. Martir, Jr., Esq., Newtown, PA, for Appellant.

BEFORE: McKEE, CHAGARES, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant Jose Rico–Hernandez, an aggravated felon, pleaded guilty to the crime of illegally re-entering the United States after deportation, a violation of 8 U.S.C. § 1326(a), (b)(2). He was sentenced to 72–months imprisonment, a term of supervised release and, relevant to this appeal, fined $100,000.00. He appeals only the imposition of the fine, arguing that it exceeds the maximum amount authorized by statute and that it is violative of the Eighth Amendment's prohibition against excessive fines. We will affirm.

Appellant is a citizen of Mexico and had entered the United States illegally. He was convicted of aggravated assault in 2005 in Bucks County, Pennsylvania and while on parole arrested by agents of the Immigration and Customs Enforcement agency (ICE). He was deported in November of 2006. In October of 2007, Appellant was arrested in Bensalem, Pennsylvania. Appellant was subsequently indicted on one count of illegal re-entry by an aggravated felon after deportation. He pleaded guilty to this offense.

During his sentencing hearing, the Government urged the District Court to impose a sentence that would have a deterrent effect. The Government pointed out that when first deported, Appellant told ICE Agents that he "had no intention of abiding by the laws of this country because he, in fact ... would only get prosecuted if he got caught." Opting for a sentence at the low end of the Guideline range, the District Court sentenced Appellant to 72–

months imprisonment, but levied a fine of $100,000.00 against the Appellant.

On appeal, Rico–Hernandez challenges only the imposition of the fine. However, he argues neither the reasonableness of his fine nor that he lacks the ability to pay the fine. Instead Rick–Hernandez submits that the fine was illegal because it exceeds the statutory maximum permitted by the applicable statute. He maintains that his fine should be set by whichever state criminal code he violated when he committed the aggravated felony in 2005. This is incorrect as a matter of law. He pleaded guilty to a violation of 8 U.S.C. § 1326(b), which provides criminal penalties for the "re-entry of certain removed aliens." The statute reserves the harshest penalties for those illegal re-entrants who have been previously convicted of an aggravated felony. *United States v. Soto–Ornelas*, 312 F.3d 1167, 1170 (10th Cir.2002) citing 8 U.S.C. § 1326(b)(2). Section 1326(b) provides for the imposition of a fine, but does not specify an amount. Therefore, the District Court correctly turned to 18 U.S.C. § 3571 which sets the maximum amount of a fine for a felony at $250,000.00. Because Rico–Hernandez' fine of $100,000.00 does not exceed the statutory maximum set forth in 18 U.S.C. § 3571(b)(3), it was not levied contrary to law.

Rico–Hernandez also maintains that the fine violates the Excessive Fines Clause of the Eighth Amendment to the Constitution. He failed to raise this argument before the District Court, so we review for plain error. *See United States v. Campbell*, 295 F.3d 398, 404 (3d Cir.2002). The Eighth Amendment's Excessive Fines Clause limits the Government's power to extract payments, whether in cash or in kind, as punishment for some offense. *See Alexander v. United States*, 509 U.S. 544, 558–59, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993) (internal quotation marks omitted). A fine violates the Excessive Fines Clause when it is grossly disproportional to the gravity of the offense. *United States v. Bajakajian*, 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998).

As we have determined, the maximum fine for illegal re-entry into the United States by an aggravated felon is $250,000.00. At $100,000, Rico–Hernandez' fine is not disproportionate to the statutory maximum fine of $250,000 per offense. *See United States v. Newsome*, 322 F.3d 328, 342 (4th Cir.2003) (finding no Eighth Amendment violation for restitution order that was not disproportionate either to the actual loss or to the statutorily authorized fine). We find no plain error and will affirm the imposition of the fine by the District Court.