**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RICARDO MEXICANO-AGUILAR,
also known as Benjamin Alberto
Barragan-Aguilar,

    Defendant-Appellant.

No. 04-2084
(D. N.M.)
(D.Ct. No. CR-03-2547 RB)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Ricardo Mexicano-Aguilar, a federal prisoner represented by counsel, pled guilty to one count of reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2). The district court sentenced Mr. Mexicano-Aguilar to fifty-seven months imprisonment followed by two years unsupervised release. Mr. Mexicano-Aguilar challenges his sentence, claiming the district court erred by not *sua sponte* imposing a downward departure based on his economic and family-related situation. We dismiss Mr. Mexicano-Aguilar's appeal.

After Mr. Mexicano-Aguilar pled guilty, the district court held a sentencing hearing during which Mr. Mexicano-Aguilar's counsel explained the circumstances causing Mr. Mexicano-Aguilar's reentry into this country. These included his inability to earn a living in Mexico and the illness of his mother-in-law, which caused his wife to remain home to care for her rather than work to earn income. After outlining these circumstances, Mr. Mexicano-Aguilar's counsel stated "I just state that, not as grounds for a downward departure, because I believe it's in the heartland of cases," but for the purpose of sentencing Mr. Mexicano-Aguilar to the "low end" of the guideline sentencing range at fifty-seven months. While the district court accepted as true Mr. Mexicano-Aguilar's contentions he illegally reentered the country "simply to work to try to support his family," and noted it

-2-

was an "obviously very commendable motivation[]," it went on to state that "the fact remains, as the Guidelines are applied to this situation, it is a long time in jail, and I'm sorry that that's so." The court also recognized that Mr. Mexicano-Aguilar's criminal activity occurred several years ago, and sentenced Mr. Mexicano-Aguilar at the low end of the guideline range to fifty-seven months imprisonment.

On appeal, Mr. Mexicano-Aguilar contends the district court should have *sua sponte* recognized his unfortunate family circumstances as a basis for applying a downward departure. In support, he relies on Second Circuit cases which recognize the application of downward departures for defendants supporting minor dependents who are ill. *See United States v. Ekhator*, 17 F.3d 53 (2d Cir. 1994); *United States v. Johnson*, 964 F.2d 124 (2d Cir. 1992). Mr. Mexicano-Aguilar also seems to infer the district court did not know of its authority to grant a downward departure, because it felt "constrained" to, or had "no choice" but to, sentence him within the Sentencing Guidelines.

In response, the government contends this court lacks jurisdiction to review the district's court failure to *sua sponte* impose a downward departure. Alternatively, it suggests Mr. Mexicano-Aguilar is not entitled to a downward

departure because the circumstances described are insufficient to remove him from the "heartland" of similar cases.

In this case, it is clear Mr. Mexicano-Aguilar did not request a downward departure during the sentencing process, and therefore, the district court did not decide the issue of whether a downward departure was warranted. By raising on appeal the issue the district court should have *sua sponte* applied a downward departure, Mr. Mexicano-Aguilar is arguably attempting to avoid the well-established principle that this court will generally not review a district court's discretionary decision to deny a request for downward departure, except if it believed it lacked such authority. *See United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999). However, we have treated "ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart." *Id.* at 1231 (citations omitted). "[U]nless the judge's language unambiguously states the judge does not believe he has authority to downward depart, we will not review his decision." *Id.* (quotation marks and citation omitted).

In this case, the statements made by the judge do not unambiguously state he lacked authority to apply a downward departure. Not only does Mr. Mexicano-

-4-

Aguilar fail to establish the judge believed he lacked this authority, but he fails to make a showing, pursuant to 18 U.S.C. § 3742, that his sentence is in violation of law, a result of an incorrect application of the Guidelines, or otherwise premised on facial illegality, improper calculations, or clearly erroneous fact findings. *See United States v. Garcia*, 919 F.2d 1478, 1479-1481 (10th Cir. 1990). Accordingly, for these reasons, we decline to review the district court's failure to *sua sponte* depart downward.

Even if we considered Mr. Mexicano-Aguilar's argument, the outcome would be the same. This is because a defendant is entitled to a downward departure from the guideline range only if circumstances are sufficient to remove him from the "heartland " of those defendants charged with the same offense, which in this case is unlawful entry after deportation. *See United States v. Marquez-Gallegos*, 217 F.3d 1267, 1270-71 (10th Cir.) (relying on U.S.S.G. §5K2.0), *cert. denied*, 531 U.S. 905 (2000). Under the United States Sentencing Guidelines "[f]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." *See* U.S.S.G. §5H1.6. As a result, family responsibilities are a discouraged factor which the district court may consider only in the most extraordinary cases for the purpose of departing downward. *See United States v. McClatchey*, 316 F.3d 1122, 1130 (10th Cir. 2003). As to the Second Circuit cases

cited by Mr. Mexicano-Aguilar, we find them distinguishable on the facts and are not bound by them. Thus, based on the applicable legal principles, and Mr. Mexicano-Aguilar's failure to show his family and financial circumstances are extraordinary or otherwise outside the heartland, we cannot say the district court erred in not *sua sponte* granting him a downward departure.

Accordingly, we dismiss Mr. Mexicano-Aguilar's appeal.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge