**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO MEXICANO-AGUILAR,

Defendant - Appellant.

No. 06-2073
(D. Ct. No. CIV-05-0576 RB/DJS)
(D. N. Mex. )

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Ricardo Mexicano-Aguilar, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the District Court's denial of his habeas corpus petition brought under 28 U.S.C. § 2255. *See* 28 U.S.C.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2253(c)(1) (a petitioner may not appeal the denial of habeas relief under § 2255 unless a COA is issued). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In 2004, Mr. Mexicano-Aguilar was convicted under 8 U.S.C. § 1326(a) and (b) of reentry into the United States following deportation subsequent to a conviction for an aggravated felony. He was sentenced to 57 months' imprisonment based, in part, on a 16-level enhancement under United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 2L1.2(b)(1)(A) for a prior crime of violence. A panel of this Court affirmed his conviction on direct appeal. *See United States v. Mexicano-Aguilar*, 114 Fed. App'x 365 (10th Cir. 2004) (unpublished).

Mr. Mexicano-Aguilar then filed his § 2255 petition in the District Court, arguing that he received ineffective assistance of counsel during the sentencing phase. Specifically, he contends that his counsel was ineffective for failing to argue that his prior state court conviction for second-degree robbery, which resulted only in a probated sentence, is not a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

In order to prevail on an ineffective assistance of counsel claim, a habeas petitioner

must show that his counsel's conduct "fell below an objective standard of reasonableness" and that such deficient performance resulted in prejudice to the defense—that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Mr. Mexicano-Aguilar cannot meet this standard.

A "crime of violence" explicitly includes "robbery." *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Mr. Mexicano-Aguilar argues, however, that because his robbery conviction resulted only in probation, it cannot be considered a crime of violence. To the contrary, "U.S.S.G. § 2L1.2(b)(1)(A)(ii) does not require that, to be a 'crime of violence,' a prior conviction result in a sentence of any particular length." *United States v. Gonzalez-Coronado*, 419 F.3d 1090, 1095 (10th Cir. 2005) (holding that an enhancement under § 2L1.2(b)(1)(A)(ii) is appropriate even when sentence for prior crime was probation). Because the 16-level enhancement was appropriately applied, counsel's failure to raise the issue at sentencing (or on appeal) did not prejudice Mr. Mexicano-Aguilar.

Mr. Mexicano-Aguilar also argues that the District Court erred in refusing to permit him to prove the merits of his claim by showing that his counsel failed to discover that his prior state court conviction resulted only in probation. As noted, however, even had counsel known and argued this point, there is not a reasonable probability that the outcome of the proceedings would have been different. Accordingly, we DENY Mr.

Mexicano-Aguilar's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Chief Circuit Judge