**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES of AMERICA,

     Plaintiff-Appellee,

v.

LORENZO GONZALEZ-
CORONADO,

     Defendant-Appellant.

No. 03-2226

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-03-720-JC)**

---

Kurt J. Mayer, Assistant Federal Public Defender (Stephen P. McCue, Federal Public Defender, with him on the briefs), Las Cruces, New Mexico for Defendant-Appellant.

David N. Williams, Assistant United States Attorney (David C. Iglesias, United States Attorney, and Norman Cairns, Assistant United States Attorney, on the briefs), Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **EBEL, McWILLIAMS** and **HENRY**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

Defendant-Appellant Lorenzo Gonzalez-Coronado ("Gonzalez") appeals the prison sentence he received for entering the United States unlawfully after having previously been deported, in violation of 8 U.S.C. § 1326(a). Gonzalez first contends the district court, in sentencing him, erred by treating his prior felony conviction for attempted aggravated assault as an aggravated felony under 8 U.S.C. § 1326(b)(2). To qualify as an aggravated felony under § 1326(b)(2), a prior conviction must have resulted in at least a one-year prison sentence. The Government concedes, and we agree, that the district court erred in treating Gonzalez's prior conviction as an aggravated felony under § 1326(b)(2) because his prior conviction only resulted in probation. Nonetheless, this error was harmless because Gonzalez's prior conviction was still a felony which is sufficient, under 8 U.S.C. § 1326(b)(1), to support the thirty-seven-month sentence the district court imposed.

Gonzalez also challenges the application of the federal sentencing guidelines to impose that thirty-seven-month sentence. We conclude the district court properly calculated Gonzalez's sentencing range under the guidelines. The district court, however, committed plain error when it treated the guidelines as mandatory. See United States v. Booker, 125 S. Ct. 738, 756-57 (2005). Nonetheless, we do not reverse because it does not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." United States v.

2

Gonzalez-Huerta, 403 F.3d 727, 736 (10th Cir. 2005) (en banc).

## I. FACTS

Gonzalez is a citizen of Mexico. In 1992, he pled guilty in Kansas state court to a felony, attempted aggravated assault. The Kansas court sentenced Gonzalez to one to five years' probation. As a result of that state-court conviction, the United States deported Gonzalez.

In January 2003, authorities discovered Gonzalez in the United States unlawfully. He subsequently pled guilty to entering the United States unlawfully after having been previously deported, in violation of 8 U.S.C. § 1326(a). In calculating Gonzalez's sentence, the district court treated his prior Kansas conviction for attempted aggravated assault as an aggravated felony under 8 U.S.C. § 1326(b)(2), and as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court imposed a thirty-seven-month sentence. Gonzalez timely appeals. See Fed. R. App. P. 4(b)(1)(A)(i).

## II. DISCUSSION

### A. 8 U.S.C. § 1326

Gonzalez pled guilty to being in the United States unlawfully after having been previously deported, violating 8 U.S.C. § 1326(a). "The penalties for reentering the country after deportation vary widely depending upon an alien's criminal history." United States v. Soto-Ornelas, 312 F.3d 1167, 1169 (10th Cir.

3

2002). Where the defendant has no prior criminal history, § 1326(a) provides for a maximum two-year sentence.[1] See Soto-Ornelas, 312 F.3d at 1169-70. A defendant who has had a prior felony conviction, however, is subject to a maximum ten-year sentence. See 8 U.S.C. § 1326(b)(1).[2] And if the defendant's

---

[1]    8 U.S.C. § 1326(a) provides that

any alien who--

    (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

    (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

[2]    Section 1326(b) provides that

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--

    (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall

(continued...)

4

prior felony is an "aggravated felony," he is subject to a maximum twenty-year prison sentence. 8 U.S.C. § 1326(b).[3] This court reviews the district court's interpretation of 8 U.S.C. § 1326 de novo. See United States v. Zamudio, 314 F.3d 517, 521 (10th Cir. 2002).

Gonzalez contends that the district court erred in treating his prior Kansas felony conviction as an aggravated felony under 8 U.S.C. § 1326(b)(2), which permits a maximum sentence of twenty years. Gonzalez argues that the district court, instead, should have sentenced him under 8 U.S.C. § 1326(a), which provides for only a two-year maximum sentence.

To define "aggravated felony" under § 1326(b)(2), this court looks to 8 U.S.C. § 1101(a)(43). See Zamudio, 314 F.3d at 522; Soto-Ornelas, 312 F.3d at 1169. In pertinent part, 8 U.S.C. § 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is][4] at least one

---

[2](...continued)
be fined under Title 18, imprisoned not more than 10 years, or both.

[3]      Title 8, U.S.C. § 1326(b)(2) provides that "[n]otwithstanding subsection (a) of this section, in the case of any alien described in such subsection . . . whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both[.]"

[4]      The statute is missing a word. The statute's accompanying footnote
(continued...)

5

year." Gonzalez concedes that his prior conviction for attempted aggravated assault is a crime of violence under 18 U.S.C. § 16. Nonetheless, he argues that his prior conviction did not involve a prison term of at least one year. To determine whether a prior conviction involved at least a one-year prison sentence, this court looks to the actual sentence imposed. See, e.g., Soto-Ornelas, 312 F.3d at 1169 & n.2; see also United States v. Hidalgo-Macias, 300 F.3d 281, 284 (2d Cir. 2002); United States v. Guzman-Bera, 216 F.3d 1019, 1020 (11th Cir. 2000). In this case, the Kansas court sentenced Gonzalez directly to probation. For this reason, the Government concedes that Gonzalez's Kansas conviction was not an aggravated felony under 8 U.S.C. § 1326(b)(2). We agree.

Although we have not yet addressed this issue under 8 U.S.C. § 1101(a)(43)(F), we have held, in applying a similar statutory definition of aggravated felony under § 1101(a)(43)(G), that a sentence directly to probation for a one- to two-year period is not a one-year prison term.[5] In United States v.

[4](...continued)
suggests this word should be is. See 8 U.S.C. § 1101 n. 3; see also United States v. Saenz-Mendoza, 287 F.3d 1011, 1013 & n.3 (10th Cir. 2002) (inserting "is").

[5] Other circuits have distinguished between cases involving sentences directly to probation and sentences that are, instead, suspended, thus resulting in probation. See United States v. Landeros-Arreola, 260 F.3d 407, 410 (5th Cir. 2001); Guzman-Bera, 216 F.3d at 1020-21; see also United States v. Martinez-Villalva, 232 F.3d 1329, 1333 (10th Cir. 2000) (noting parties agreed that if district court imposed one-year suspended sentence, prior conviction would qualify as aggravated felony, but if court originally imposed probation, prior

(continued...)

Martinez-Villalva, 232 F.3d 1329, 1332 (10th Cir. 2000), this court applied 8 U.S.C. § 1101(a)(43)(G), which defines an aggravated felony to include "a theft . . . or burglary offense for which the term of imprisonment [is] at least one year." There, we held that the government had failed to meet its burden of proving that the defendant's prior conviction involved a prison term of at least one year where it appeared that the sentence, instead, was only to probation. See Martinez-Villalva, 232 F.3d at 1333-34. That reasoning applies as well to the statutory definition of aggravated felony at issue here, 8 U.S.C. § 1101(a)(43)(F).

Other circuits, too, have held that a sentence of probation is insufficient to meet 8 U.S.C. § 1101(a)(43)'s statutory definition of an aggravated felony as one resulting in a prison term of at least one year. See, e.g., Landeros-Arreola, 260 F.3d at 410 (applying 8 U.S.C. § 1101(a)(43)(F)); Guzman-Bera, 216 F.3d at 1020-21 (applying 8 U.S.C. § 1101(a)(43)(G)).

We hold, therefore, that the sentence the Kansas court imposed on Gonzalez, one to five years' probation, was not a term of imprisonment of at least one year for the purpose of defining an aggravated felony under 8 U.S.C.

---

[5](...continued)
conviction would not be aggravated felony). In this case, however, the parties do not dispute that the Kansas court sentenced Gonzalez directly to probation. We do not, therefore, consider here a suspended sentence. See United States v. Hernandez-Rodriguez, 388 F.3d 779, 781 (10th Cir. 2004) (holding 365-day sentence, with 305 days suspended, satisfies § 1101(a)(43)(F)'s "year of imprisonment requirement").

7

§ 1101(a)(43)(F). Therefore, the district court erred in treating Gonzalez's prior Kansas conviction as an aggravated felony under 8 U.S.C. § 1326(b)(2).

In light of that error, Gonzalez argues that he is entitled to be resentenced because his current thirty-seven-month sentence exceeds the maximum two-year sentence available under 8 U.S.C. § 1326(a). We need not remand for resentencing on this ground, however. Gonzalez has never disputed that his prior Kansas conviction for attempted aggravated assault was a felony conviction. (R.O.A. Vol. V, at 3 (defense counsel requested, at first sentencing hearing, that district court find that Gonzalez's Kansas conviction "was simply a felony conviction"); Aplt. Br. at 4 ("Mr. Gonzalez was arrested and charged in Kansas state court with attempted aggravated assault, a class E felony. He pleaded guilty to the charge.").) And, under 8 U.S.C. § 1326(b)(1), a defendant like Gonzalez who has had a prior felony conviction, other than an aggravated felony, still faces a maximum ten-year sentence, which is more than sufficient to support Gonzalez's thirty-seven-month sentence.[6] Therefore, the district court's treating

---

[6]    In relying on 8 U.S.C. § 1326(b)(1) to affirm Gonzalez's sentence, we note that the United States was not required to charge sentencing enhancements under 8 U.S.C. § 1326(b) in the criminal information. See Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998) (specifically addressing § 1326(b)(2)); see also Soto-Ornelas, 312 F.3d at 1170. At the plea proceeding, defense counsel acknowledged that § 1326(b)'s sentencing enhancement was not an element of the offense.

Further, before accepting Gonzalez's guilty plea, the district court advised Gonzalez that he faced up to twenty years in prison. Cf. United States v.

(continued...)

8

Gonzalez's prior conviction as an aggravated felony under 8 U.S.C. § 1326(b)(2) was harmless.[7] See Fed. R. Crim. P. 52(a).

## B.     U.S.S.G. § 2L1.2(b)(1)(A).

In calculating Gonzalez's sentencing range, the district court treated Gonzalez's prior Kansas conviction as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) and enhanced his base offense level by sixteen levels. Gonzalez argues the district court erred in doing so because he received only probation for that Kansas conviction.

Gonzalez raised this issue at sentencing. We review the district court's interpretation of the guidelines de novo, see Martinez-Villalva, 232 F.3d at 1332,

---

[6](...continued)
Westcott, 159 F.3d 107, 112-13 (2d Cir. 1998) (holding it was harmless error to advise defendant, before accepting his guilty plea, that he faced lengthier sentence than he actually faced under prior version of § 1326(b), where defendant never requested to withdraw his plea after discovering this fact). And, at that plea proceeding, defense counsel acknowledged that without the § 1326(b)(2) enhancement, Gonzalez would face up to ten years in prison. Therefore, relying on 8 U.S.C. § 1326(b)(1) now does not present any notice or charging concerns.

[7]     For the first time at oral argument, Gonzalez argued the United States failed to prove he had a prior felony conviction at all because it did not provide the district court with a copy of the prior Kansas judgment. We decline to address this belatedly-raised issue. See United States v. Sandia, 188 F.3d 1215, 1218 n.2 (10th Cir. 1999) (holding appellant who did not raise issue until oral argument had waived it). We do note, however, that it is not clear from the record submitted on appeal whether or not the district court or probation officer had received a certified copy of the Kansas judgment before sentencing. If this issue had been raised it would have been Gonzalez's obligation to insure that an adequate appellate record was before us.

applying the guidelines in effect at the time the district court sentenced Gonzalez, in September 2003,[8] see U.S.S.G. § 1B1.11(a). At that time, § 2L1.2(b)(1)(A)(ii) provided that "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence . . . , increase [the base offense level] by 16 levels." And § 2L1.2(b)(1)(A)(ii)'s application note defines a "crime of violence" as

> (1) . . . an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and
>
> (2) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

Id., cmt. n. 1(B)(ii).

Gonzalez's only argument under the Guidelines § 2L1.2(b)(1)(A)(ii) is that his state conviction should not be considered a crime of violence because he was sentenced to probation rather than to imprisonment. However, unlike 8 U.S.C. § 1326(b)(2)'s requirement that an aggravated felony must result in a sentence of at least one year, U.S.S.G. § 2L1.2(b)(1)(A)(ii) does not require that, to be a "crime of violence," a prior conviction result in a sentence of any particular length. See United States v. Ramirez, 367 F.3d 274, 278 (5th Cir.), cert. denied,

---

[8] The district court, therefore, calculated Gonzalez's sentence using the 2002 sentencing guidelines.

125 S. Ct. 145 (2004); United States v. Pimental-Flores, 339 F.3d 959, 964 (9th Cir. 2003). Therefore, the district court did not err in applying the guidelines when it enhanced Gonzalez's base offense level by sixteen under § 2L1.2(b)(1)(A)(ii), based upon Gonzalez's prior Kansas conviction for attempted aggravated assault, even though that prior conviction resulted in only probation.[9]

## C.    Booker.

For the first time on appeal, Gonzalez argues that he is entitled to resentencing in light of Blakely v. Washington, 542 U.S. 296 (2004),[10] and Booker, 125 S. Ct. 738. Booker applies "to all cases on direct review." Booker, 125 S. Ct. at 769. Nevertheless, because Gonzalez did not raise this claim before the district court, we review only for plain error. See Gonzalez-Huerta, 403 F.3d at 732. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights . . . ." Id. (quotation omitted). If Gonzalez is able to meet those three requirements, then, "[u]nder the fourth prong of plain-error review, [this] court may exercise its discretion to notice forfeited error only if it

---

[9]    Because Gonzalez does not otherwise dispute that his prior conviction constituted a crime of violence, we do not address any other issues with regards to this enhancement.

[10]    This court permitted the parties to file supplemental briefs addressing Blakely. The parties filed their supplemental briefs after Blakely but prior to the Supreme Court decided Booker. So the arguments do not directly address the issues that have since become relevant in applying Booker.

seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 736.

> In Booker, the Court "reaffirm[ed that] [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. As a result, the Court held that mandatory application of the Guidelines violates the Sixth Amendment when judge-found facts, other than those of prior convictions, are employed to enhance a sentence.

Gonzalez-Huerta, 403 F.3d at 731. "To remedy this constitutional infirmity created by applying judge-found facts to mandatory sentencing guidelines, the [Booker] Court severed the provision of the Sentencing Reform Act making application of the Guidelines mandatory," 18 U.S.C. § 3553(b)(1). United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir. 2005).

"[T]here are two distinct types of error that a court sentencing prior to Booker could make." Gonzalez-Huerta, 403 F.3d at 731. First, the sentencing court could violate the Sixth Amendment "by relying upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily." Id. Second, "a sentencing court could err by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." Id. at 731-32.

12

In this case, there is no Sixth Amendment error because the district court enhanced Gonzalez sentence based only upon the existence of his prior violent felony conviction. See United States v. Sierra-Castillo, 405 F.3d 932, 935, 941 (10th Cir. 2005) (applying U.S.S.G. § 2L1.2(b)(1)(A)(ii)); Gonzalez-Huerta, 403 F.3d at 730, 732 (addressing sentence imposed for violating 8 U.S.C. § 1326 and enhanced by prior convictions); see also United States v. Moore, 401 F.3d 1220, 1221, 1225 (10th Cir. 2005) (holding characterizing prior felony as violent, for purposes of Armed Career Criminal Act, is legal rather than factual determination, which "does not trigger the Sixth Amendment concerns addressed in Booker").

The district court, however, did commit non-constitutional Booker error by treating the guidelines as mandatory. See Gonzalez-Huerta, 403 F.3d at 732. This error amounts to plain error sufficient to satisfy the first two prongs of the plain-error analysis. See United States v. Williams, 403 F.3d 1188, 1199-1200 (10th Cir. 2005), petition for cert. filed, (July 12, 2005) (No. 05-5327); Gonzalez-Huerta, 403 F.3d at 732.

Gonzalez, then, has the burden of establishing that this plain error affected his substantial rights. See Gonzalez-Huerta, 403 F.3d at 732-33. "Satisfying" this requirement "'usually means that the error must have affected the outcome of the district court proceedings.'" Id. at 732 (quoting United States v. Cotton, 535

13

U.S. 625, 632 (2002)). Therefore, Gonzalez must show that, in light of the entire record, "there is a reasonable probability" that the error affected his sentence. United States v. Dominguez Benitez, 542 U.S. 74, 124 S. Ct. 2333, 2340 (2004); see also Gonzalez-Huerta, 403 F.3d at 733. Because we hold that Gonzalez does not satisfy the fourth prong of United States v. Olano, 507 U.S. 725, 735-36 (1993), we need not decide whether he satisfies the third prong of prejudice.[11]

"Under the fourth prong of plain-error review, [this] court may exercise its discretion to notice a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Gonzalez-Huerta, 403 F.3d at 736. Here, as we have said, Gonzalez did not suffer constitutional error. "In the instance of non-constitutional error the standard for satisfying the fourth prong of the plain error test is demanding." Dazey, 403 F.3d at 1178. "[F]ailing to correct non-Sixth Amendment Booker error when the defendant has failed to preserve the error in the district court will rarely be found to [have] seriously affected the fairness, integrity, or public reputation of judicial proceedings." Sierra-Castillo, 405 F.3d at 941-42; see also United States v. Trujillo-Terrazas, 405 F.3d 814, 820 (10th Cir. 2005) (calling this a "formidable" standard). That is

_____

[11] We note that the district court imposed a sentence at the bottom of the guideline range and, in denying Gonzalez's request for a downward departure from that range, did comment "I don't find any grounds for downward departure. I may not agree with what the sentencing guidelines are, but that doesn't give me the right to do a downward departure."

because "a non-constitutional <u>Booker</u> error is 'error' at all only as the serendipitous consequence of the severability analysis the Supreme Court employed to correct the constitutional infirmity created by the combination of judicial factfinding and mandatory application of the Guidelines." <u>Trujillo-Terrazas</u>, 405 F.3d at 820-21; <u>see also</u> <u>Gonzalez-Huerta</u>, 403 F.3d at 738.

Nor is there any reason to conclude that the sentence the district court imposed in this case "is anything but fair and reasonable." <u>Trujillo-Terrazas</u>, 405 F.3d at 820; <u>see also</u> <u>Gonzalez-Huerta</u>, 403 F.3d at 738-39. Gonzalez's sentence fell within the applicable guideline range and there is no objective evidence in the record to support a sentence below that guideline range. Therefore, Gonzalez "received a sentence similar to the sentence most similarly historied defendants in the United States would have received for the crime for which he was convicted." <u>Gonzalez-Huerta</u>, 403 F.3d at 743 (Ebel, J., concurring).

In addition, we consider "[w]hether the district court would simply reimpose the same sentence on remand, or whether instead the sentence 'would likely change to a significant degree if [the case] were returned to the district court for discretionary resentencing . . . .'" <u>United States v. Lawrence</u>, 405 F.3d 888, 907 (10th Cir. 2005) (quoting <u>Gonzalez-Huerta</u>, 403 F.3d at 744 (Ebel, J., concurring)). Here, again, Gonzalez has failed to show any reason why the district court might impose a significantly different sentence if we remanded for

15

discretionary resentencing.  There is nothing remarkable about Gonzalez's criminal history.  See Trujillo-Terrazas, 405 F.3d at 820.  Nor does Gonzalez suggest any "unique circumstances" that might provide the district court with a reason to impose a sentence outside the now advisory guideline range.  Williams, 403 F.3d at 1200.  Core notions of justice would not be offended if this court declined to notice a sentencing error that had no significant effect on Gonzalez's sentence.  See Lawrence, 405 F.3d at 908; Gonzalez-Huerta, 403 F.3d at 739.  Therefore, we decline to notice the district court's sentencing error and, instead, AFFIRM Gonzalez's sentence.

## III.  CONCLUSION

For these reasons, we AFFIRM Gonzalez's thirty-seven-month sentence.