**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUAN EDUARDO MARQUEZ,

      Defendant - Appellant.

No. 06-2211

(D. New Mexico)

(D.C. No. CR-06-563-JC)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Juan Eduardo Marquez pled guilty to reentry of a

deported alien previously convicted of an aggravated felony, in violation of

8 U.S.C. § 1326(a)(1), (a)(2) and (b)(2). He was sentenced to forty-six months'

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

imprisonment, followed by two years of supervised release.  He appeals his

sentence, which we reverse and remand for resentencing.

## BACKGROUND

Marquez was arrested by United States Border Patrol agents on January 4,

2006.  He admitted that he was a citizen of Mexico, and that he had no

authorization to reside in the United States.  Immigration records established that

he had previously been deported in 1997 and 1999, and that he was convicted in

Texas in 1987 of attempted burglary of a habitation, which resulted in a sentence

of ten years probation.  As indicated, Marquez then pled guilty to reentry by a

deported alien previously convicted of an aggravated felony.  As we explain

further below, however, Marquez's prior conviction for attempted burglary was

not, in fact, an aggravated felony.

In preparation for his sentencing, the United States Probation Office

prepared a presentence report ("PSR").  The PSR recommended that Marquez

receive a sixteen-level enhancement to his base offense level under the United

States Sentencing Commission, Guidelines Manual ("USSG") (2005), based upon

his prior conviction for attempted burglary of a habitation which, under USSG

§ 2L1.2(b)(1)(A), qualified as a "crime of violence."  The PSR then calculated a

total offense level of twenty-one which, with a criminal history category of III,

resulted in an advisory sentencing range under the USSG of forty-six to fifty-

seven months. Because Marquez's prior conviction for attempted burglary was erroneously characterized as an aggravated felony, the PSR also stated, erroneously, that the applicable statutory prison term was up to twenty years.

Marquez filed a sentencing memorandum requesting a variance from the advisory Guideline range on the basis of the sentencing factors contained in 18 U.S.C. § 3553(a). He essentially argued that his prior crime, attempted burglary of a habitation, was non-violent and occurred twenty years before, and he lacked any other criminal history. Marquez also argued that he had "resigned himself to the fact" that he would have to return to Mexico and never be permitted to legally return to the United States. Sentencing Mem. at 3, R. Vol. I. He did not, however, argue that his prior conviction had been erroneously classified as an aggravated felony which exposed him to a twenty-year statutory term of imprisonment.

At his sentencing hearing, Marquez's counsel reiterated his request for a lower sentence than that provided by the advisory Guidelines. In response to Marquez's request that the court "consider the [sentencing] memorandum and the requests made therein," the court responded, "I have considered it, and nothing about the sentence I'm going to give him causes me any problems." Tr. of Sentencing Hr'g at 2-3, R. Vol. III. The district court then stated:

> The Court has reviewed the Presentence Report factual findings and has considered the sentencing guideline applications and the factors set forth in [18 U.S.C. §] 3553(a)(1) through (7). The offense level

is 21.  The criminal history category is III.  The guideline imprisonment range is 46 to 57 months.  The Court notes the defendant illegally reentered the United States subsequent to an aggravated felony conviction.

Id. at 3.  When government counsel inquired, "Was there a departure requested and [the court] did not depart?" the court responded, "Well, there was a departure requested.  I did not depart."  Id. at 4.  When government counsel stated she "just wanted the record to be clear as to your reasons why," the court responded, "Didn't I say I thought the sentence was fitting?"  Id.  Marquez was accordingly sentenced to forty-six months' imprisonment.  Marquez timely appealed his sentence.

Marquez's trial counsel filed an Anders brief, requesting permission to withdraw from representation of Marquez on appeal because counsel concluded that an appeal would be frivolous.  See Anders v. California, 386 U.S. 738 (1967).  Our court rejected the Anders brief and appointed new counsel.  Marquez's new counsel filed a brief arguing four issues:  (1) the district court erred in classifying his prior conviction for attempted burglary of a habitation as a conviction for an aggravated felony; (2) the district court erred in increasing his offense level by sixteen because such an increase is "capricious and unreasonable under the § 3553(a) objectives"; (3) the district court erred in presuming that the Guidelines sentence was the correct sentence; and (4) this court should "revisit" its decision in United States v. Gonzalez-Coronado, 419 F.3d 1090 (10th Cir. 2005), in which

we cited approvingly to <u>United States v. Pimentel-Flores</u>, 339 F.3d 959 (9th Cir. 2003), which held that, under USSG §2L1.2(b)(1)(A)(ii), a "'crime of violence' need[] only . . . be a 'felony' as defined in the application notes [to the Guidelines]—and not an 'aggravated felony' as statutorily defined—to qualify for a 16-level enhancement." <u>Id.</u> at 963.

## DISCUSSION

"[W]e review sentencing decisions for reasonableness, which has both procedural and substantive components." <u>United States v. Atencio</u>, 476 F.3d 1099, 1102 (10th Cir. 2007). "In setting a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a)." <u>Id.</u> "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." <u>Id.</u> Further, while we review the ultimate sentence for reasonableness, "we continue to review the district court's application of the Guidelines de novo, and we review any factual findings for clear error." <u>United States v. Townley</u>, 472 F.3d 1267, 1275-76 (10th Cir.), <u>cert. denied</u>, 127 S. Ct. 3069 (2007). Finally, "[w]here the district court correctly applies the Guidelines and imposes a sentence within the applicable Guidelines range, that sentence is entitled to a rebuttable presumption of reasonableness." <u>Id.</u> at 1276 (internal quotation marks omitted).

As indicated, Marquez pled guilty to being in the United States unlawfully after having been previously deported, in violation of 8 U.S.C. § 1326(a). "The penalties for reentering the country after deportation vary widely depending upon an alien's criminal history." Gonzalez-Coronado, 419 F.3d at 1092. "Where the defendant has no prior criminal history, § 1326(a) provides for a maximum two-year sentence." Id. A defendant with a prior felony conviction, however, "is subject to a maximum ten-year sentence." Finally, "if the defendant's prior felony is an 'aggravated felony,' he is subject to a maximum twenty-year sentence." Id. See 8 U.S.C. § 1326(a), (b).

It is undisputed that all parties involved, both government and defense counsel, the United States Probation Office, and, most importantly, the district court, erroneously believed that Marquez's prior conviction for attempted burglary of a habitation was a conviction for an aggravated felony, thereby exposing Marquez to a maximum statutory sentence of twenty years. It was error to treat that conviction as an aggravated felony conviction under 8 U.S.C. § 1326(b)(2) because the prior conviction resulted only in probation. Gonzalez-Coronado, 419 F.3d at 1091.[1]

---

[1]"To define 'aggravated felony' under § 1326(b)(2), this court looks to 8 U.S.C. § 1101(a)(43)." Gonzalez-Coronado, 419 F.3d at 1092-93. Section 1101(a)(43), in turn, defines an aggravated felony as including "a crime of violence . . . for which the term of imprisonment [is] at least one year" and "a theft offense . . . or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F) and (G). Since Marquez's prior

(continued...)

Marquez failed to object, however, to this characterization of his prior conviction. "[W]here a defendant raises no contemporaneous objection to the court's explanation of the procedure by which his sentence was determined, 'we may reverse the district court's judgment only in the presence of plain error.'" United States v. Cereceres-Zavala, 499 F.3d 1211, 1217 (10th Cir. 2007) (quoting United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007)). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (further quotation omitted). Applying plain error analysis, we conclude that the district court's misunderstanding as to the nature of Marquez's prior conviction was plain error, which did affect Marquez's substantial rights and seriously affected the fairness of the sentencing procedure.

First, as our discussion above indicates and as the government concedes on appeal (Appellee's Br. at 3), it was plainly erroneous to treat Marquez's prior conviction for attempted burglary as an aggravated felony conviction.[2] Thus,

_____

[1](...continued)
burglary conviction resulted in a sentence of probation, it was not an aggravated felony under § 1326(b)(2). Gonzalez-Coronado, 419 F.3d at 1093.

[2]We agree with Marquez that it does not matter that he pled guilty to an information specifically alleging that he violated 8 U.S.C. § 1326(a)(1), (a)(2) and (b)(2) by reentering the United States following his conviction for an aggravated felony. The government does not dispute this point by trying to argue
(continued...)

there was error, which was plain. "Satisfying the third prong of plain-error review—that the error affects substantial rights—'usually means that the error must have affected the outcome of the district court proceedings.'" United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (quoting United States v. Cotton, 535 U.S. 625, 632 (2002)). Marquez, as the appellant, bears the burden to make that showing. Id. at 733. We conclude that Marquez has met that burden.

We initially observe that the district court specifically emphasized that Marquez "illegally reentered the United States subsequent to an aggravated felony conviction." Tr. of Sentencing at 3, R. Vol. III. Thus, the "fact" that Marquez had a prior aggravated felony conviction was front and center in the district court's thought process in imposing a sentence. That erroneously characterized aggravated felony conviction exposed Marquez to a statutory maximum of twenty years' imprisonment, instead of the ten years he faced under the proper characterization of his prior conviction as simply a felony. Thus, we agree with Marquez that it is highly likely the district court was less inclined to sentence him below the advisory Guideline range of forty-six to fifty-seven months, because the court believed that Marquez was exposed to a twenty-year statutory sentence.

---

[2](...continued)
that Marquez somehow waived his right to object to the erroneous characterization of his prior conviction because he pled guilty to reentry following a conviction for an aggravated felony.

-8-

The government argues that any error is harmless, or had no effect on the district court's sentence, because Marquez's sentence was properly calculated under the Guidelines and, as Marquez even concedes, his prior conviction was clearly a "crime of violence" under USSG § 2L1.2(b)(1)(A), which yielded an advisory Guideline sentencing range of forty-six to fifty-seven months. In so arguing, the government relies upon Gonzalez-Coronado, 419 F.3d at 1094, where we held that the district court's erroneous treatment of the defendant's prior conviction as an aggravated felony, rather than a simple felony, was "harmless." Id. We so held because "a defendant like Gonzalez who has had a prior felony conviction, other than an aggravated felony, still faces a maximum ten-year sentence, which is more than sufficient to support [defendant's] thirty-seven month sentence." Id.

We believe that the particular facts surrounding Marquez's sentencing proceeding suffice to distinguish this case from Gonzalez-Coronado. In this case, Marquez argued to the district court that he deserved a lower sentence than that provided by the advisory Guidelines, largely because his prior conviction was a long time ago, committed when he was twenty years younger, and that he had essentially no other criminal history, and no violent criminal history, since that long-ago event. In that situation, the misperception that Marquez had committed an aggravated felony may well have done more to undermine Marquez's reasons for seeking a variance from the Guidelines sentence.

-9-

Furthermore, while we have stated repeatedly that a district court sentencing a defendant to a sentence within a properly-calculated Guideline range need not provide much explanation for its sentencing calculation, we note that the sentencing proceeding here was extremely terse and conclusory, lasting a mere four minutes from start to finish. The district court simply stated it rejected Marquez's request for a downward departure, without further elaboration. Indeed, one of the few statements the district court made was its specific observation that Marquez had a prior aggravated felony conviction.

Finally, this is one of those cases where a sentence at the bottom of the Guidelines reinforces our concern that the district court might have sentenced differently if it was proceeding from the proper premise concerning Marquez's criminal history. Thus, in these unique circumstances, we conclude that Marquez has met his burden of showing that the error, shared by all present, affected the outcome of his sentencing proceeding. We therefore reverse and remand for resentencing with the awareness that Marquez's prior conviction was not for an aggravated felony. This conclusion means we need not address Marquez's remaining three arguments.

## CONCLUSION

For the foregoing reasons, we REVERSE and REMAND for resentencing.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge