FILED
United States Court of Appeals
Tenth Circuit

May 13, 2025

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILSON RENE CALDERON-
PADILLA,

    Defendant - Appellant.

No. 24-2097

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 2:23-CR-01805-KG-1)**
_____

Shira Kieval, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with her on the briefs), Office of the Federal Public Defender, Denver, Colorado, on behalf of the Defendant-Appellant.

James R.W. Braun, Assistant United States Attorney (Alexander M.M. Uballez, United States Attorney, with him on the briefs), District of New Mexico, Albuquerque, New Mexico, on behalf of the Plaintiff-Appellee.

_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

This appeal involves a challenge to a criminal sentence. When sentencing a defendant, the district court must consider certain factors,

including the maximum prison term authorized by Congress. 18 U.S.C. § 3553(a); *see United States v. Turner*, 55 F.4th 1135, 1144 (7th Cir. 2022) (stating that the district court must consider the statutory maximum when selecting the sentence). Invoking this requirement, the defendant argues that the district court erred in determining the statutory maximum. If the defendant is right, how should we assess the possibility of prejudice? The parties give different answers: The defendant says that we should presume prejudice from the error itself; the government says that the defendant should bear the burden to show prejudice. We agree with the government.

**1.    The government and probation office apparently err about what the statutory maximum is.**

The defendant was convicted of illegally reentering the United States. *See* 8 U.S.C. § 1326(b). For this conviction, the maximum sentence would turn on the defendant's criminal history. Absent a prior felony conviction, the statutory maximum would be two years. 8 U.S.C. § 1326(a). If the defendant had at least one prior conviction for a felony, the maximum would be ten years. 8 U.S.C. § 1326(b)(1). If a prior conviction had involved an *aggravated felony*, the maximum would be twenty years. 8 U.S.C. § 1326(b)(2).

The defendant had two prior felony convictions.[1] In district court, the government and probation office apparently assumed that one of the convictions had involved an aggravated felony, which would trigger a 20-year statutory maximum. But the parties agree on appeal that the prior convictions didn't constitute aggravated felonies. So the statutory maximum should have been only 10 years.

The parties disagree over whether the district court made the same mistake as to the statutory maximum. We need not resolve this disagreement; we instead assume for the sake of argument that the district court mistakenly thought that the statutory maximum was 20 years.[2]

## 2. The defendant must show prejudice.

With this assumption, we consider whether the district court's error would have been prejudicial. We assess prejudice differently based on whether the defendant preserved the argument by timely objecting in district court. When the defendant doesn't timely object, we consider the

---

[1]    These convictions involved

- illegal reentry and

- criminal possession of a weapon.

[2]    Unless the district court had looked beyond the record, the court couldn't have known whether either of the defendant's prior convictions had involved an aggravated felony. Moreover, the court adopted the presentence report even though it had noted a prior conviction for an aggravated felony.

appellate argument *forfeited* and require the defendant to show an effect on a substantial right. *United States v. Benford*, 875 F.3d 1007, 1016 (10th Cir. 2017).

The defendant admittedly failed to object in district court. So he would ordinarily need to show an effect on a substantial right. But the defendant argues that we should presume prejudice from the nature of the district court's error.

### a. A presumption may exist when an error is inherently prejudicial.

The defendant generally bears the burden to show prejudice. *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1138 (10th Cir. 2017) (en banc). But for some errors, courts occasionally presume prejudice based on an inherent risk of prejudice. *E.g.*, *United States v. White*, 405 F.3d 208, 218 (4th Cir. 2005).[3]

An example exists with errors involving calculation of the guideline range. This range provides the "starting point" and "lodestar" for every

---

[3]     Sometimes courts also presume prejudice when the nature of an error makes it virtually impossible to assess the impact. *E.g.*, *United States v. Adams*, 252 F.3d 276, 287–88 (3d Cir. 2001). An example exists when a district court mistakenly thought that it couldn't sentence outside the guideline range. Given the inherent need to speculate about what the district court would have done if it had recognized its options, some courts have presumed prejudice. *E.g.*, *United States v. Barnett*, 398 F.3d 516, 529 (6th Cir. 2005). But the defendant doesn't urge a presumption of prejudice based on the virtual impossibility of showing that his sentence would have been lighter without the error.

sentence. *Molina-Martinez v. United States*, 578 U.S. 189, 199–200 (2016). So when a sentencing court starts and continues with the wrong guideline range, we presume that the error will create a reasonable probability of a different outcome. *Id.* at 191–92, 198.

> **b.    Other circuits decline to presume prejudice when the sentencing court makes a mistake about the statutory maximum.**

The defendant likens the district court's mistaken view of the statutory maximum to an error involving the guideline range, arguing that we should treat the situations the same way. Three circuits have addressed this argument, and all have rejected it. *United States v. Payano*, 930 F.3d 186, 193–96 (3d Cir. 2019); *United States v. Dominguez*, 128 F.4th 226, 233 (4th Cir. 2025); *United States v. McCloud*, 730 F.3d 600, 603 (6th Cir. 2013).[4] We generally hesitate to create a circuit split out of judicial

---

[4]    The defendant downplays *McCloud*, suggesting that the Supreme Court didn't presume prejudice for guideline errors until its 2016 decision in *Molina-Martinez v. United States*. But the Sixth Circuit decided *McCloud* only after

- that court had recognized a presumption of prejudice for guideline errors, *United States v. Story*, 503 F.3d 436, 441 (6th Cir. 2007), and

- the Supreme Court had recognized the anchoring effect of guideline ranges, *Peugh v. United States*, 569 U.S. 530, 541, 549 (2013).

modesty, respecting the thoughtful approaches taken elsewhere on the same issue. *United States v. Thomas*, 939 F.3d 1121, 1131 (10th Cir. 2019).

    **c.    Sentencing courts can treat the guidelines and statutory ranges differently.**

The sentencing court must consider the statutory range. *See* pp. 1–2, above. But this consideration can take place at various stages. For example, the court might start by considering the statutory range. Or the court might decide on the sentence and check it against the statutory range.[5]

Depending on the approach taken by an individual judge, the impact of the error could vary. For example, if the judge considers the statutory range early in the process, an error could easily taint the outcome just like a guideline error. But if the judge decides on a tentative sentence and then checks it against the statutory range, the error may be far less likely to affect the outcome.

Consider, for instance, the impact if the district court decided on a 42-month sentence and checked it against the statutory range. The 42-month sentence would have fallen far below the parties' mistaken view about the maximum (20 years). But the sentence would also have fallen far below the correct statutory maximum of 10 years.

---

[5]    The Sixth Circuit views this approach as the typical approach taken at sentencing. *United States v. McCloud*, 730 F.3d 600, 603 (6th Cir. 2013).

Sentencing courts must take a different approach when considering the guideline range, starting with that range and "remain[ing] cognizant of [it] throughout the sentencing process." *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) (quoting *Peugh v. United States*, 569 U.S. 530, 541 (2013)). So the Supreme Court presumes prejudice when the sentencing court starts and continues "throughout the sentencing process" with the wrong guideline range. *Id.* at 198–99, 204.

The defendant argues that the district court might view the same sentence differently depending on its closeness to the statutory maximum. Under this argument, a judge might view a 42-month sentence as more lenient if the statutory maximum is 20 years rather than 10 years.

But the same is true of many other sentencing errors. For example, if a sentencing court fails to resolve a factual dispute, the failure could taint consideration of a key factor affecting the sentence. But appellate courts would still require the defendant to show prejudice from the sentencing court's failure to resolve the factual dispute. *United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012).

Here too, the nature of the error doesn't inherently lead to prejudice. As a result, the defendant's arguments don't persuade us that the other

7

circuits are wrong in requiring the defendant to show prejudice when the sentencing court has relied on an incorrect statutory maximum.[6]

### d.    The cited snippets of case law don't support a presumption of prejudice.

Though the wrong statutory maximum might or might not affect the actual sentence, the defendant relies on snippets from two cases referring to an error in the statutory minimum as an aggravating factor and an anchor:

- *Alleyne v. United States*, 570 U.S. 99 (2013) and

- *United States v. Currie*, 739 F.3d 960 (7th Cir. 2014).

Those snippets are cited out of context.

First, the defendant argues that the Supreme Court has said that an increase in the statutory range "'aggravates the punishment'" and "'increase[s]' a defendant's 'expected' sentence." Appellant's Reply Br. at 10 (quoting *Alleyne v. United States*, 570 U.S. 99, 108, 113 (2013)). But the defendant takes this language out of context. The Supreme Court was addressing a seven-year sentence arising from the district court's erroneous

---

[6]    We have held that a mistake about the statutory maximum doesn't constitute *plain error* when the sentence fell within the correct statutory range. *United States v. Gonzalez-Coronado*, 419 F.3d 1090, 1096–97 (10th Cir. 2005). But in that opinion, we didn't address an argument for a rebuttable presumption of prejudice. So our prior opinion doesn't help us in considering the defendant's argument for a presumption. *See United States v. Cantu*, 964 F.3d 924, 935 (10th Cir. 2020) (stating that our precedents are "not in point" beyond the arguments being discussed).

belief that the statutory minimum was seven years when the minimum was actually only five years. *Alleyne*, 570 U.S. at 112, 117. So the district court's use of the wrong statutory minimum obviously *aggravated the punishment* and *increased* the expected sentence.

The equivalent here would involve a 20-year sentence. If the statutory maximum were only 10 years, a sentence of 20 years would reflect obvious prejudice from the district court's mistake. But these obvious examples of prejudice tell us little about the need to presume prejudice when a sentence falls within the right statutory range.

Second, the defendant quotes part of a statement in *United States v. Currie*, 739 F.3d 960 (7th Cir. 2014). There the Seventh Circuit addressed an error involving the statutory minimum. *Id.* at 964. The statutory minimum was actually five years, but the district court thought that the minimum was ten years. *Id.* The Seventh Circuit declined to presume prejudice, opting instead to remand for the district court to decide whether it would have imposed a different sentence with a correct understanding of the statutory minimum. *Id.* at 965, 967. In explaining the remand, the Seventh Circuit noted that the statute created the range of permissible sentences: "Statutory minima and maxima have an obvious anchoring effect on the judge's determination of a reasonable sentence in the sense that they demarcate the range within which the judge may impose a sentence." *Id.* at 966.

9

Seizing on the term *anchoring effect*, the defendant points to scholarship in cognitive science identifying an *anchor* as a basis for bias. For example, the defendant argues that the 42-month sentence might appear lenient to a judge who mistakenly thought that the statutory maximum was twenty years rather than ten years. *See* p. 7, above. But this argument has nothing to do with the Seventh Circuit's use of the term *anchoring effect*. There the court was simply noting the "anchoring effect" of the statutory minimum and maximum only "in the sense that they demarcate the range within which the judge may impose a sentence." *Id.*

In any event, the defendant's reliance on *Alleyne* and *Currie* doesn't support a presumption of prejudice. To the contrary, reliance on these cases suggests that defendants often *can* prove prejudice from errors involving the statutory maximum. For example, if the sentence had been eleven years, few would question the existence of prejudice from a mistaken belief that the statutory maximum had been twenty years rather than ten years.

The same is true when the district court says that it's relying on its understanding about the statutory maximum. Pointing to this situation, the defendant relies on *United States v. Watson*, where the D.C. Circuit recognized prejudice based on the district court's statement that it was imposing a sentence considerably below the statutory maximum. 476 F.3d 1020, 1023 (D.C. Cir. 2007). There too, the appeals court didn't presume

10

prejudice, relying instead on evidence to determine whether the district court would likely have imposed a more lenient sentence without the error involving the statutory maximum. *Id.* The defendant's ability to prove prejudice suggests that a rebuttable presumption is unnecessary for errors involving the statutory maximum.

e.    **The perceived importance of a statutory maximum doesn't support a presumption of prejudice.**

Finally, the defendant argues that the statutory range is "first, both in time and importance," providing the "'starting point'" for the eventual sentence. Appellant's Reply Br. at 13 (quoting *United States v. McCloud*, 730 F.3d 600, 610–12 (6th Cir. 2013) (Borman, J., concurring in part & dissenting in part)). For this argument, the defendant observes that

- the statutory ranges came from Congress and the guideline ranges came from a mere agency (the Sentencing Commission) and

- the statutory ranges are mandatory and the guideline ranges aren't.

But we decline to presume prejudice based on the importance of the statutory range. After all, courts base the presumption of prejudice on the risk of prejudice rather than "the gravity of the right at stake." *United States v. White*, 405 F.3d 208, 219 (4th Cir. 2005).

Granted, the statutory range is important, and a sentence above a statutory maximum would automatically require reversal. *See United States v. Archuleta*, 865 F.3d 1280, 1292 (10th Cir. 2017) (stating that a sentence

11

above the statutory maximum constitutes "per se, reversible, plain error" (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 739 n.10 (10th Cir. 2005) (en banc))). But we aren't addressing a sentence above the statutory maximum; we're instead considering whether a mistake about the statutory maximum would inherently create a likelihood of prejudice. We see no reason that the source or mandatory nature of a statutory maximum would create a likelihood of prejudice.

**3.    The defendant hasn't shown prejudice.**

The defendant argues in the alternative that he showed prejudice. But he didn't make this argument until his reply brief.[7] That was too late. *See United States v. Hernandez*, 104 F.4th 755, 762 n.3 (10th Cir. 2024).

But the argument would fail on the merits anyway because

- the district court didn't refer to the statutory maximum,

- the sentence matched the bottom of the guideline range, and

- the sentence fell far below the correct statutory maximum.

*See United States v. Trujillo*, 4 F.4th 287, 291 (5th Cir. 2021) (concluding that the defendant hadn't shown prejudice from the district court's reliance on the wrong statute in part because the court didn't cite that statute when explaining the sentence).

---

[7]    In his opening brief, the defendant stated only that the district court hadn't said that it would have imposed the same sentence absent the error. Appellant's Opening Br. at 8, 10.

Granted, the district court did say that the defendant's sentence could have been higher. But this statement didn't suggest reliance on the wrong statutory maximum. Supp. R. vol. 1, at 20. After all, the 42-month sentence fell at the bottom of the guideline range and didn't come close to the correct statutory maximum.

We addressed similar circumstances in *United States v. Gonzalez-Coronado*, where the district judge relied on the wrong statute at sentencing. 419 F.3d 1090, 1093–94 (10th Cir. 2005). There the actual sentence fell within the maximum allowable under the right statutory maximum. *Id.* at 1094. We held that the error was harmless. *Id.*

Though the error was harmless in *Gonzalez-Coronado*, circumstances can sometimes signal a likely effect on the sentence. For example, the D.C. Circuit concluded that the defendant had shown prejudice when the sentencing court tried to show leniency by imposing a prison term near what the court had mistakenly thought was the statutory minimum. *United States v. Watson*, 476 F.3d 1020, 1024 (D.C. Cir. 2007); *see* pp. 10–11, above. Similarly, the Third Circuit recognized prejudice when the district court had relied on the wrong criminal history and statutory maximum, mistakenly ordering the probation office to revise the presentence report by increasing what it had said was the statutory maximum. *United States v. Payano*, 930 F.3d 186, 196 (3d Cir. 2019).

These kinds of circumstances are absent here. Unlike the D.C. and Third Circuits, we lack anything in the record to suggest that the defendant's sentence would have been lighter if the district court had realized that the statutory maximum was ten years (rather than twenty years). The district court did refer to the defendant's criminal history, but didn't tie that concern to the legal classification of his prior felonies.

In his reply brief, the defendant suggests that the district court might have tried to avoid a sentencing disparity by examining sentences for persons convicted of allegedly reentering the country after an aggravated felony. This suggestion rests on speculation because the district court never mentioned other sentences involving defendants with past convictions for aggravated felonies. The court instead applied the sentencing guidelines, which are designed to avoid unwarranted disparities. *See United States v. Blagojevich*, 854 F.3d 918, 921 (7th Cir. 2017) (stating that "the Sentencing Guidelines are themselves an anti-disparity formula"). And these guidelines provide a single offense level for illegal reentry regardless of whether the defendant had a prior conviction for an aggravated felony. U.S.S.G. § 2L1.2. We thus reject the argument asserted in the defendant's reply brief.

14

* * *

We conclude that the defendant hasn't shown an effect on a substantial right. And in the absence of such a showing, we affirm the 42-month sentence.